UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATALIE SCOTT,

Plaintiff,

v.

META PLATFORMS INC.,

Defendant.

Case No.  25-cv-09955-TSH

**ORDER STRIKING ECF NOS. 51-54 AND ADMONISHING PLAINTIFF TO COMPLY WITH COURT RULES**

Plaintiff Natalie Scott has repeatedly filed documents that do not comply with court rules, including multiple filings objecting to Defendant Meta Platforms, Inc.'s motion to dismiss (ECF Nos. 44-47), a response to Defendant's reply brief (ECF No. 51) after the Court had already denied leave to file a sur-reply (ECF No. 50), filing exhibits in support of her original complaint (ECF Nos. 52-54) after the Court dismissed it and directed her to file an amended complaint (ECF No. 50), and written requests that don't comply with the requirements of Civil Local Rule 7-1 (ECF No. 42).  These filings needlessly complicate the Court's review of this matter and make it more difficult for Defendant to respond.

The Court recognizes that Plaintiff is a pro se litigant.  However, Plaintiff must still comply with the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, and this Court's standing orders.  *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law), *cert denied,* 516 U.S. 838 (1995).  Accordingly, the Court **STRIKES** ECF No. 51 because the Court denied Plaintiff leave to file a sur-reply.  *See* Civ. L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."); *Bias v.*

*Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (affirming district court's decision to strike sur-replies filed after court's summary judgment ruling).  The Court also **STRIKES** ECF Nos. 52-54 because the Court dismissed Plaintiff's complaint, and any exhibits Plaintiff wishes to include with an amended complaint must be attached to that complaint.  *See* ECF No. 50 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).  The Court admonishes Plaintiff that it may strike from the record future submissions and may impose sanctions, including and up to dismissal of this action, for filings that do not comply with court rules.  *See Ghazali*, 46 F.3d at 54 ("Failure to follow a district court's local rules is a proper ground for dismissal."); Civ. L.R. 3-9(a) ("A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules.  Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

The Court reminds Plaintiff that she may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: March 4, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge